Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 107 | **DATE** | April 19, 2004 |
| **CASE TITLE** | *American Economy v. T.J. Copy Products* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Eclipse's motion to dismiss [11-1] is granted and this case is dismissed for lack of jurisdiction. Enter memorandum and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | APR 2 0 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 15 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS/c | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AMERICAN ECONOMY INSURANCE COMPNAY, INC., Plaintiff, | ) ) ) ) | |
| v. | ) ) | 04 C 107 |
| T.J. COPY PRODUCTS, INC., et al., Defendants. | ) ) ) | |

## MEMORANDUM AND ORDER

Plaintiff American Economy Insurance seeks a declaratory judgment regarding its duty to indemnify and defend its insured, defendant T.J. Copy Products, in two state court actions. Defendant Eclipse Manufacturing, one of the plaintiffs in the state court actions and a defendant in this action, seeks to dismiss the complaint, contending that American Economy has failed to establish that the amount in controversy exceeds $75,000. The court agrees and thus grants the motion to dismiss.

## Discussion

This court can exercise diversity jurisdiction over this declaratory judgment action only if the opposing sides are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Dismissal of a complaint based on failure to satisfy the amount in controversy is proper only if it appears to a legal certainty that less than $75,000 is at issue. *See, e.g., Target Market Publishing, Inc. v. Advo, Inc.*, 136 F.3d 1139, 1141 (7th Cir. 1998), *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938). When a defendant challenges the amount in controversy, the plaintiff must submit "competent proof" that the amount in controversy exceeds $75,000. *See Target Mkt. Publishing, Inc. v. ADVO,*

*Inc.*, 136 F.3d at 1142. "Competent proof means proof to a reasonable probability that jurisdiction exists." *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995).

Eclipse asserts that there is no reasonable probability that at least $75,000 is at issue because: (1) American Economy's indemnification claim is premature and thus does not count towards the amount in controversy; and (2) there is no reasonable probability that American Economy's attorneys' fees will exceed $75,000. Unsurprisingly, American Economy disagrees. It also contends that the amount in controversy substantially exceeds $75,000 because the underlying state court cases, which are styled as class actions on behalf of over 1,000 members, seek at least $500 per member.

With respect to its indemnification claim, American Economy takes issue with this court's recent decision in *Ohio Casualty Insurance Company v. Lower Forty Gardens, Inc.*, No. 03 C 4726, 2003 WL 22849142 (N.D. Ill. Dec. 1, 2003). According to American Economy, when a plaintiff seeks declaratory relief, the amount in controversy is the value of the litigation from either the plaintiff or the defendant's perspective. *See, e.g., International Gateway Communications, Inc. v. Communication Telesystems International, Inc.*, 922 F. Supp. 122, 124-25 (N.D. Ill. 1996). This rule, however, is only applicable if the court is attempting to assess how much an actual case or controversy is potentially worth. If there is no case or controversy, there is nothing to value.

Thus, in *Lower Forty Gardens*, the court explained:

> It is well established that "a declaratory judgment seeking indemnification rights is not ripe for adjudication until the underlying lawsuit has first determined and defined liability." *Lear Corp. v. Johnson Electric Holdings, Ltd.*, No. 02 C 6704, 2003 WL 21254253 *3 (N.D. Ill. May 30, 2003) (collecting cases). Here, the state court has not determined if Lower Forty is liable. The indemnification claim is, therefore, premature. *See id.* This means that it cannot count towards the

2

amount in controversy as it is not ripe, and may never be ripe, for adjudication. *See Solo Cup Co. v. Federal Ins. Co.*, 619 F.2d 1178, 1189 (7th Cir.1980) ("The possibility that proceedings might be commenced against an insured regarding an act of the insured's as to which the insurer might contest coverage, is not sufficient to create a controversy within the meaning of either the Declaratory Judgment Act or Article III of the Constitution").

This decision is in accord with numerous Seventh Circuit decisions holding that a declaratory judgment seeking indemnification is premature unless there has been a finding of liability in the underlying action. *Grinnell Mutual Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1116 (7th Cir. 1997) (amount in controversy requirement was satisfied where the insurer filed a declaratory action seeking indemnification after the court in the underlying action found that the insured was liable and the potential damages exceeded $100,000); *Nationwide Insurance v. Zavalis*, 52 F.3d 689, 693 (7th Cir.1995) ("the duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit"); *Grinnell Mutual Reinsurance Co. v. Reinke*, 43 F.3d 1152, 1154 (7th Cir.1995) ("the duty to indemnify [i]s unripe until the insured has been held liable"); *Travelers Ins. Cos. v. Penda Corp.*, 974 F.2d 823, 833 (7th Cir.1992) ("the determination of whether [defendant] has a duty to indemnify is not ripe until the underlying litigation is terminated"). The court thus declines to revisit its holding in *Lower Forty Gardens* and adopt the position urged by American Economy.

American Economy can, however, remain in federal court if its attorneys' fees are reasonably certain to exceed $75,000 since the total cost of defense in the underlying action counts towards the jurisdictional amount. *See Grinnell Mutual Reinsurance Co. v. Shierk*, 121 F.3d at 1117 n.2 (7th Cir. 1997) (the costs of defending the insured should be taken into consideration when determining whether the amount in controversy satisfies the jurisdictional

minimum). As noted above, American Economy has the burden of pointing to competent proof that the amount in controversy exceeds $75,000.

In its response to the motion to dismiss, American Economy attempts to satisfy this burden by stating that "defense costs for class actions in the emerging field of claims brought under the Telephone Consumer Protection Act [which prohibits the sending of unwanted faxes] are likely to be quite substantial" and that it will have to pay "some amount . . . presumably a substantial amount . . . for the defense if [it] is found to have a duty to defend." Response at 5-6.

This argument is unpersuasive because the assertions as to the amount of attorneys' fees potentially at issue in the underlying action are vague generalizations which are not supported by any specific facts. Moreover, American Economy does not elucidate exactly what "substantial" means or provide details about the scope of the underlying action so the court can assess whether defense costs will satisfy the jurisdictional minimum to a reasonable certainty. Simply put, this type of conclusory assertion is not competent proof that the amount in controversy exceeds $75,000 so the court is not required to accept American Economy's bald statement that it might potentially be on the hook for a substantial amount of money in an underlying action.

This brings the court to American Economy's final argument: that the amount in controversy consists of the claims of the individual members of the putative class aggregated together. American Economy cannot aggregate actual damages suffered by the members of the putative class as at least one plaintiff must satisfy the jurisdictional amount. *See, e.g., The Barbers Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir.1997). Thus, the fact that the underlying state court cases are styled as class actions on behalf of over

1,000 members and seek at least $500 per member is irrelevant. Because no individual member's claims meet the jurisdictional minimum, American Economy has failed to satisfy the amount in controversy requirement.

## Conclusion

For the above reasons, the court finds that American Economy has failed to satisfy the amount in controversy requirement in 28 U.S.C. § 1332. Accordingly, Eclipse's motion to dismiss is granted and this case is dismissed for lack of jurisdiction.

DATE: APR 1 9 2004

Blanche M. Manning
U.S. District Court Judge

04cv107.md

5